OPINION
Appellant Beverly L. Creighton appeals a divorce judgment of the Stark County Common Pleas Court, Family Court Division:
 ASSIGNMENTS OF ERROR I. THE TRIAL COURT'S DECISION GRANTING CUSTODY OF THE MINOR CHILD TO APPELLEE IS NOT SUPPORTED BY THE EVIDENCE AND CONSTITUTES AN ABUSE OF DISCRETION.
 II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DESIGNATING APPELLEE AS THE RESIDENTIAL PARENT BECAUSE THE RECORD REFLECTED THAT APPELLEE WAS A CHILD ABUSER AND A WIFE ABUSER.
 III. THE TRIAL COURT ERRED AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND AGAINST THE BEST INTEREST OF THE CHILD BY NOT ADOPTING MS. CREIGHTON'S SHARED PARENTING PLAN AND/OR BY NOT GRANTING SHARED CUSTODY WHEN THE TRIAL COURT DID NOT MAKE ANY FINDING THAT EITHER PARTY WAS UNFIT AND THE TRIAL COURT DID NOT MAKE A FINDING THAT SHARED PARENTING WAS NOT IN THE BEST INTEREST OF THE CHILD.
 IV. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN REQUIRING MS. CREIGHTON TO PAY ANY AMOUNT OF CHILD SUPPORT TO APPELLEE.
 V. THE TRIAL COURT ERRONEOUSLY DESIGNATED APPELLEE THE RESIDENTIAL PARENT IN COMPUTING CHILD SUPPORT.
 VI. THE TRIAL COURT'S DECISION TO THROW OUT ALL PSYCHOLOGICAL REPORTS WAS AN ABUSE OF DISCRETION AND CONTRARY TO LAW.
 VII. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ITS AWARD OF SPOUSAL SUPPORT WHICH WAS INADEQUATE IN AMOUNT AND DURATION.
 VIII. THE TRIAL COURT ERRED TO THE PREJUDICE OF MS. CREIGHTON IN FAILING TO AWARD HER ATTORNEY FEES INCURRED IN THE CASE.
 IX. THE TRIAL COURT ERRONEOUSLY FOUND THAT MS. CREIGHTON FAILED TO TRACE HER SEPARATE PROPERTY INTO THE MARITAL RESIDENCE.
 X. THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION IN AWARDING MS. CREIGHTON AN UNEQUAL DIVISION OF PROPERTY.
On December 31, 1996, appellee Thomas Creighton filed a complaint for divorce from appellant. During the pendency of the action, appellee was awarded custody of Wyatt, the parties' minor child, born October 12, 1994. Following a four-day trial, a magistrate recommended that appellee be granted a divorce on the grounds of incompatibility. While the issue of who would be named residential parent of Wyatt was disputed at trial, the magistrate concluded that it would be in the best interest of Wyatt to remain in the residential care of appellee. Appellant was given companionship from Saturday evening at 6:00 p.m. until Tuesday at 5:00 p.m. each week. Appellant was ordered to pay child support in the amount of $50 per month. Appellee was ordered to pay spousal support in the amount of $400 per month for 12 months. The magistrate divided marital property, and declined to award attorney fees to appellant. Upon objections to the magistrate's report, the court overruled the objections, and approved and adopted the decision of the magistrate.
 I and II
We address appellant's first two assignments of error together, as both assignments of error argues that the court abused its discretion in naming appellee the residential parent of Wyatt. The term abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 218. Appellant argues that the evidence established that appellee physically abused both appellant and the minor child. However, the court found that none of the allegations of abuse against the child had been substantiated, despite numerous investigations by the guardian ad litem and Department of Human Services. Further, Wyatt's pre-school teacher testified that she had no suspicions of abuse, as the child was happy and well-adjusted. There was evidence that appellee had a domestic violence conviction, and on at least one occasion, struck his older son, John. Appellee's son John had suffered a head injury in the past, and was confined to a wheelchair. The court noted that John is a large boy and would be difficult to handle at times and appellee struck him while he was grabbing and pinching a visiting health-care worker. While the court noted that it was concerned about this issue, the court concluded that the stress of caring for John had been mitigated by his relocation to a care facility. The court found that appellant did not have a positive opinion of appellee, and would not encourage their son to have a positive opinion of his father. The court expressed concern that if appellant were the residential parent, she would not facilitate companionship, as by her own testimony at trial she believes she is the only proper caregiver for Wyatt. Appellant expressed the opinion that the time Wyatt spends with his father is wasted. Because of this extreme feeling, she engaged in unusual behavior such as baking a birthday cake for Wyatt every weekend, complete with a candle, and celebrating his birthday. The court did not abuse its discretion in naming appellee the residential parent of Wyatt, particularly considering that appellant was given companionship three days per week. The first and second assignments of error are overruled.
 III
Appellant argues that the court erred in rejecting her plan for shared parenting. Appellant filed this shared parenting plan on the second day of trial, after appellee had completed his case in chief. The court ruled that the filing was untimely, as R.C.3109.04(G) provides that a shared parenting plan must be filed at least 30 days prior to a hearing on parental rights and responsibilities. Appellant cites Harris v. Harris (1995),105 Ohio App.3d 671, for the proposition that the filing deadline found in that statute is directory and not mandatory. However, in Harris, the father had filed a motion for shared parenting one month prior to filing the plan for shared parenting. While he did not file the actual proposal until the date of the final hearing, the court concluded that the earlier motion put the child's mother on notice more than one month in advance of the hearing that shared parenting would be an issue in the case. Id. at 674. The instant case is distinguished from Harris, as appellee received no advance notice that shared parenting would be an issue in the case. In fact, the record reflects that prior to trial, the guardian ad litem encouraged both parties to be on a shared parenting plan, which appellee was receptive to, but appellant would not consider. The court did not abuse its discretion in refusing to consider the shared parenting plan. The third assignment of error is overruled.
 IV
Appellant argues that the court erred in ordering her to pay child support in the amount of $50 per month. She argues the court erred in imputing income to her at the amount she would make if she worked full time at minimum wage, as she was not so employed at any point during the marriage. She further argues that he did not consider child care expenses she would incur were she employed full time at minimum wage. The court deviated from the guideline amount of $809 per year, adjusting child support to the statutory minimum of $600 per year, or $50 per month. At the time of the hearing, appellant was employed part time as a telemarketer for Ameridial, Inc. She earned minimum wage with incentive bonuses depending on her success. She only worked 16 to 20 hours per week, did not work at all when Wyatt was with her. However, her manager at Ameridial testified that more hours were available to appellant, but she chose to turn them down. There was no evidence that she was unable, physically or otherwise, to obtain a full-time minimum wage job. The court did not abuse its discretion in imputing income at the amount she would make working full time at minimum wage. Further, while the court's judgment does not specifically consider child-care expenses, the court did deviate from the guideline amount and reduce support to the statutory minimum. The fourth assignment of error is overruled.
 V
Appellant argues that the court should have used shared-parenting guidelines in calculating child support, as the time which each parent spends with Wyatt is roughly equal. As the court did not adopt a shared-parenting plan, the court did not err in refusing to calculate child support pursuant to a shared-parenting plan. The fifth assignment of error is overruled.
 VI
Appellant argues that the court erred in excluding psychological evaluations of the parties. The magistrate found that the initial psychologist could not come to a conclusion regarding appellee, and referred him to another practitioner who completed the investigation. However, the agency that completed the report had a prior counseling relationship with appellee. Therefore, in an effort to be fair to both parties, the court refused to consider either psychological report. Appellant has not demonstrated an abuse of discretion in this decision. Appellant argues that her psychological evaluation was necessary to assist the court in concluding that the abuse allegedly inflicted on her by appellee was reality. However, appellant was able to present extensive evidence concerning the abuse allegations made by both parties. Appellant has not demonstrated reversible error in the exclusion of the psychological report. The sixth assignment of error is overruled.
 VII
Appellant argues that spousal support was insufficient in amount and duration. The court ordered appellee to pay appellant $400 per month for 12 months. On pages 15 through 18 of the magistrate's report, the magistrate engaged in an extensive discussion concerning the statutory factors of child support. It is clear from the extensive findings by the magistrate, adopted by the trial court, that the court went to great lengths to consider every element of spousal support pursuant to R.C.3105.18. Appellant has not demonstrated that the court abused its discretion in the spousal support order. As discussed in Assignment of Error IV above, there was no evidence that appellant was unable to obtain full-time employment at minimum wage, and the court appeared to tailor the spousal support award to allow appellant to have time to become gainfully employed in a full-time job. The seventh assignment of error is overruled.
 VIII
Appellant argues that the court erred in failing to award attorney fees. R.C. 3105.18(H) provides that when the court determines to award reasonable attorney's fees, it shall determine whether either party will be prevented from fully litigating his rights, and adequately protecting his interest, the court does not award reasonable attorney fees. Appellant has not argued that she was in any way impeded from being adequately represented in this matter due to a lack of funds for which to pay attorney fees. She argues that she was entitled to fees because of the disparity in income between the parties. Appellant has not demonstrated error in the court's refusal to award attorney fees. The eighth assignment of error is overruled.
 IX
Appellant argues that the court erred in failing to trace her separate property into the marital residence. Appellant argues that she used her pre-marital funds to pay for work on the marital home, and that such funds were traceable. Various tradesmen testified that they came to the house, did work on the house, and then informed appellant as to how much the parties owed for the work. At that point she would leave for a few minutes, go to the bank, and return with cash. Appellant presented no receipts for bills showing what was actually spent for these improvements. She presented her bank books, showing withdrawals in various amounts of money that supposedly occurred during this time. However, the house was located in Canton, and the bank which appellant claimed she took the money from to use on the house was located in Minerva. One tradesman testified that she was gone for a short period of time, and concluded that there was no indication that she was gone for a sufficient amount of time to allow her to travel to Minerva, withdraw money from the bank, and then return to the marital residence to pay the workers. The court did not abuse its discretion in concluding from these facts that appellant did not sufficiently trace her pre-marital funds into the house. The ninth assignment of error is overruled.
 X
Appellant argues that the court erred in rejecting the appraisal of the marital residence submitted by her. The appraiser attempted to indicate what the value of the home would have been without certain improvements, which appellant alleged were made during the marriage. The court rejected this portion of the appraisal, as the appellee alleged that some of the improvements completed before the marriage. Appellant has not demonstrated that the court abused its discretion in rejecting this portion of the appraisal. Appellant argues that the division of the retirement accounts was unequal. On pages 4 and 5 of the decision of the magistrate, the magistrate meticulously accounted for the retirements accounts, listing each plan's value and the marital portion of each plan. Appellant has not demonstrated that the court's distribution of these assets was inequitable. Finally, appellant argues that the court erred in valuing the Ford Van awarded to her at $5500, rather than at $1500 as claimed by appellant. The van was a 1997 Ford wheel-chair van, that had been given to appellee as a gift from his place of employment after his older son's debilitating accident. Given the fact that the van was relatively new, and it was specially equipped for wheelchairs, appellant has not demonstrated that the court abused its discretion in valuing the van at $5500. The tenth assignment of error is overruled.
The judgment of the Stark County Common Pleas Court, Family Court Division is affirmed.
GWIN, P.J., HOFFMAN, J., and FARMER, J., concur.